JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 12-00238 MMM (SPx) | Date | March 19, 2012 |

| | |
|---|---|
| Title | *Pacific Western Bank v. Penna* |

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  Order Remanding Case to Riverside Superior Court

On January 9, 2012, plaintiff Pacific Western Bank ("PWB") filed this action against defendants Michelle R. Penna ("Penna") and certain fictitious defendants in Riverside Superior Court.[1] On February 14, 2012, Penna removed this action to federal court, invoking the court's federal question jurisdiction.[2]

The complaint alleges that on or about May 19, 2006, Penna opened two accounts at PWB, a business checking account and a client trust account. Penna agreed to be bound by PWB's deposit account agreement and disclosure, which stated that in the event her account was overdrawn, she would pay the amount of overdraft immediately and PWB would be allowed to offset funds in either of the accounts against any overdraft.[3]

On December 23, 2011, Penna allegedly deposited $297,500 into the client trust account using a counterfeit check.[4] Following her deposit, PWB gave her credit for the amount of the check,

---

[1] Notice of Removal ("Removal"), Exh. A ("Complaint"), Docket No. 1 (January 9, 2012).

[2] Removal, ¶ 3.

[3] Complaint, ¶¶ 7-9.

[4] *Id.*, ¶ 10.

pursuant to the terms of the deposit agreement.[5]  On December 27, 2011, Penna instructed PWB to wire $294,960 from the client trust account to an account in Japan.[6]  On December 28, 2011, PWB received notification that the counterfeit check had been rejected.[7]

PWB contacted Penna to inform her of the rejection and ask how she intended to rectify the overdraft created by the wire transfer.[8]  When she failed to remedy the overdraft, PWB rescinded the provisional credit that had been given to client trust account, resulting in an overdraft of $143,562.91.[9]  The complaint pleads claims for (1) breach of contract, (2) breach of the warranty of good title, (3) open book account, and (4) money paid out.

Penna removed the action to federal court, contending that because PWB's complaint references Regulation CC, a regulation of the Federal Reserve Bank that implements the Expedited Funds Availability Act, the court has federal question jurisdiction.[10]  On February 22, 2012, the court ordered defendant to show cause why the action should not be remanded for lack of subject matter jurisdiction.[11]  The court observed that while defendant had invoked federal question jurisdiction, the complaint pled only state law claims and did not raise a federal question on its face.[12]  The court also noted that there was no indication a federal claim was a necessary ingredient of any of the causes of action plaintiff pleaded in the complaint, and that the mere mention of federal statutes was insufficient to confer jurisdiction.[13]

The court directed defendant to file a response to the order to show cause by March 5, 2012. Defendant failed to respond to the court's order by that date, despite the fact that her counsel earlier

---

[5]*Id.*, ¶ 11.

[6]*Id.*, ¶ 12.

[7]*Id.*, ¶ 13.

[8]*Id.*, ¶ 14.

[9]*Id.*

[10]Removal, ¶ 3 (citing Complaint, ¶ 11).

[11]Order to Show Cause ("OSC"), Docket No. 6 (Feb. 22, 2012).

[12]*Id.* at 2-3.

[13]*Id.* at 3.

filed a declaration stating that he served a copy of the notice of removal on PWB.[14] Defendant thus has identified no basis upon which the court can properly exercise jurisdiction over this case.

For the reasons stated in the court's order to show cause, and because of her failure to respond to the order to show cause, Penna has failed to meet her burden of demonstrating that the court can exercise jurisdiction over this case. The clerk is therefore directed to remand the action to Riverside Superior Court forthwith.

---

[14] Declaration of William Miltner, Docket No. 7 (Feb. 24, 2012).